UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LORI BETH J.[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-cv-00019-RLY-CSW |
| | ) | |
| FRANK BISIGNANO Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION ON APPROPRIATE DISPOSITION OF THE ACTION**

This matter is before the Honorable Crystal S. Wildeman, United States Magistrate Judge, pursuant to an Entry Referring Matter to Magistrate Judge, to conduct and issue a report and recommendation regarding the appropriate disposition of this matter. (Dkt. 14). Claimant, Lori Beth J. seeks judicial review of the Social Security Administration's ("SSA") decision denying her Title II application for a Period of Disability and Disability Insurance Benefits ("DIB"). (Dkt. 1). For the following reasons, the Magistrate Judge recommends that the Commissioner's decision be **AFFIRMED.**

I.    **BACKGROUND**

On May 14, 2021, Claimant filed an application for Title II Disability Insurance Benefits. (*Id.*). The application was initially denied and then denied again on reconsideration. (*Id.*).

Claimant filed a request for a Hearing before an ALJ and a hearing was held on February 27, 2023. (*Id.*). On March 15, 2023, the ALJ issued a Decision denying

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

the Plaintiff's claim for benefits. (*Id.*). Claimant requested review of the ALJ's Decision by the Appeals Council, which was denied on August 31, 2023. (*Id.*).

On November 3, 2023, Claimant filed for judicial review before this Court. (*Id.*). On January 2, 2024, the matter was reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.*). The remand hearing was held before the same ALJ on September 4, 2024. (*Id.*). On October 24, 2024, the ALJ issued the Decision denying the Claimant's claims for benefits. (*Id.*). On January 31, 2025, Claimant filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the denial of her benefits. (Dkt 1).

The ALJ applied the five-step sequential evaluation process to determine whether the Plaintiff met the standard for "disabled" as defined under the Social Security Act. (Dkt 9-9).

In his decision, the ALJ found that:

- At Step One, Claimant has not engaged in substantial gainful activity since September 30, 2019, the alleged onset date. (*Id.* at 10; R. 1115).

- At Step Two, Claimant had the following severe impairments: left upper extremity impairments (tendinitis and epicondylitis), irritable bowel syndrome, pylorus stenosis, osteopenia, major depressive disorder, anxiety, and post-traumatic stress disorder (PTSD). (*Id.* at 11; R. 1116).

- At Step Three, Claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*).

- After Step Three but before Step Four, Claimant had the RFC to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps and/or stairs, ladders, ropes, and/or scaffolds. She can occasionally bend, stoop, kneel, crouch, and/or crawl. She can learn and engage in rote tasks that are simple, routine, and repetitive. (*Id.* at 14-15; R. 1119-20).

- At Step Four, the Claimant is unable to perform any past relevant work. (20 CFR 404.1565). When presented with the RFC set forth above, the vocational expert at the Claimant's prior hearing testified that an individual could not perform the requirements of the claimant's past relevant work. Accordingly, the Claimant is unable to perform past

relevant work as actually or generally performed. (*Id.* at 24; R. 1129).

- At Step Five, considering the Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a). (*Id.* at 25; R. 1130).

Ultimately, the ALJ concluded that the Claimant was not disabled as defined under sections 216(i) and 233(d) of the Social Security Act. (*Id.* at 26; R. 1131).

## II.    STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 139 S.Ct. 1148, 1151 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and supported the decision with substantial evidence. *Stephens*, 888 F.3d at 327. "[S]ubstantial evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court does "determine whether the ALJ built an 'accurate and logical

3

bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted).[2]  "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four.  Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009).  In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.*  The ALJ uses the RFC at Step Four to determine whether the claimant can perform her past relevant work and, if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920.

---

[2] The Code of Federal Regulations contains separate, parallel sections concerning SSI and disability insurance benefits ("DIB"), which are identical in most respects. Cases may reference the section pertaining to DIB, such as in *Clifford*, which cites 20 C.F.R. § 404.1520.  227 F.3d at 868.  Generally, a verbatim section exists establishing the same legal point with both types of benefits.  *See, e.g.*, 20 C.F.R. § 416.920.  The Court will usually not reference the parallel section but will take care to detail any substantive differences applicable to the case.

4

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

## III.  DISCUSSION

Substantial evidence supported the ALJ's determination that Claimant was not disabled as defined under sections 216(i) and 233(d) of the Social Security Act.

Claimant asserts that the Commissioner's denial of Claimant's disability benefits was arbitrary, capricious, and not supported by the law or the evidence. (Dkt. 1). Specifically, Claimant challenges the ALJ's evaluation of the medical opinion evidence, the RFC finding, and Claimant's subjective statements. (*Id.*)

An ALJ must do more than give a perfunctory analysis reciting facts that support a non-disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). The ALJ has met this standard.

### A.  MEDICAL OPINION EVIDENCE

The ALJ properly evaluated the supportability and consistency of the medical opinion evidence, including the opinions of Dr. Huett, Dr. Snyder, and Dr. Kohn, and found that each opinion was not persuasive. (Dkt 9-9 at 15-16; R. 1127-28). An ALJ is "subject to only the most minimal of articulation requirements" when evaluating medical opinions. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). The ALJ's evaluation met the minimal articulation requirement.

Specifically, Dr. Huett evaluated Claimant during a psychological consultative examination on August 25, 2021. (Dkt. 9-7 at 338, Dkt. 9-9 at 23; R. 1128). The ALJ determined that Dr. Huett's "opinions were not internally

consistent with contemporaneous treatment or examination notes and were also not generally supported by the evidence as a whole." (Dkt. 9-9 at 23; R. 1128). Additionally, the ALJ noted that Dr. Huett did not provide "precise opinions about the [C]laimant's functional limitations" and also that the opinions were vague and less persuasive." (*Id.*) However, the ALJ noted that he "fully considered" Dr. Huett's objective findings and incorporated the findings regarding "limitations upon concentration, persistence and/or pace" into the RFC conclusion. (*Id.*) Claimant fails to show that Dr. Huett's opinion supported greater limitations than what the ALJ found. This Court will not substitute its judgment for that of the ALJ by reweighing evidence. *See Karr*, 989 F.3d at 513 (7th Cir. 2021). Accordingly, the ALJ appropriately evaluated Dr. Huett's opinion.

Next, Dr. Snyder treated Claimant for gastrointestinal symptoms and completed a questionnaire regarding Claimant's functioning on February 14, 2023. (Dkt. 9-8 at 344, Dkt. 9-9 at 23-24; R. 1103, 1128-29). The ALJ determined that Dr. Snyder's opinions were "not internally consistent with contemporaneous treatment or examination notes, as well as not generally supported by the evidence as a whole." (Dkt. 9-9 at 23; R. 1128). Additionally, Dr. Snyder failed to provide "any citations or references to the medical evidence of record to support his opinions; rather, he often wrote 'See notes' or 'See notes attached' but did not provide any notes with his opinions." (*Id.*) The ALJ noted that Dr. Snyder's conclusions were inconsistent with Claimant's other medical evidence in the record, noting that Dr. Snyder's reference to Claimant's "symptoms such as 'malaise,' 'fatigue,' and generalized abdominal pain" as the basis for the doctor's opinion was not documented in the doctor's own treatment notes. (*Id.*) Claimant fails to show that the ALJ did not reasonably weigh the evidence supporting and conflicting with Dr. Snyder's opinion. The Court will not substitute its judgment for that of the ALJ by reweighing the evidence, "[e]ven if reasonable minds could differ on the weight the ALJ gave the medical evidence." *Karr*, 989 F.3d at 513. Therefore, the ALJ properly evaluated Dr. Snyder's opinion.

Finally, Dr. Kohn performed an internal medicine consultative examination of Claimant on August 21, 2021. (Dkt. 9-9 at 22). Similar to his determination on Dr. Snyder's opinions, the ALJ determined that Dr. Kohn's opinion were "not internally consistent with contemporaneous treatment or examination notes, or generally supported by the evidence as a whole." (*Id*.). The ALJ noted that "a close review" of Dr. Kohn's "own personal examination of the claimant showed scant abnormal, objective findings." (*Id*.). The ALJ also noted several inconsistences between the asserted limitations and Dr. Kohn's documented findings, including Dr. Kohn's conclusion that Claimant "only showed loss of range of motion of the left upper extremity with external rotation," despite Dr. Kohn writing that there "'was weakness in the left arm and hand grip'" and "at a different part of the document," indicating "no loss of strength of any muscle group of the upper extremities in the examination." (*Id*.). The ALJ properly evaluated Dr. Kohn's objective findings and concluded that Dr. Kohn's opinion was unpersuasive.

In sum, the ALJ properly evaluated the supportability and consistency of the medical opinion evidence presented to him in this case, along with the evidence presented at the hearing, and detailed his findings accordingly.

## B. RFC FINDING

The ALJ also properly applied the regulation to determine Claimant's RFC to perform light work, as defined in 20 CFR 404.1567(b). The determination of a Claimant's RFC "is a matter for the ALJ alone – not a treating or examining doctor – to decide." *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014). Additionally, it is the Claimant's "burden to establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting her capacity to work." *Denise C. v. Kijakazi*, No. 122CV00770RLYKMB, 2023 WL 3991543, at *9 (S.D. Ind. June 14, 2023), *report and recommendation adopted*, No. 122CV00770RLYKMB, 2023 WL 5345046 (S.D. Ind. Aug. 21, 2023).

In this case, the ALJ discussed the medical and nonmedical evidence when formulating Claimant's RFC and assessed Claimant's abilities in accordance with 20 C.F.R. § 404.1545 and SSR 96-8p (Dkt. 9-9 at 8-26; R. 1113-31). Claimant has

not shown that the record compelled greater functional limitations than what the ALJ found.

Additionally, although Claimant contends that the ALJ's mental RFC finding did not sufficiently account for her moderate and mild limitations in the paragraph B criteria assessed at Step Three of the sequential evaluation process, the ALJ correctly noted that the "limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps two and three of the sequential evaluation process" (Dkt. 9-9 at 14; R. 1119). As this Court noted, "one may not simply correlate a B criteria finding to the requirements of an RFC." *Althea M. H. v. Saul*, No. 419CV00141DMLTWP, 2020 WL 13553786, at *5 (S.D. Ind. Nov. 30, 2020). Instead, the Court applies the substantial evidence standard, which "depends upon the ALJ's particular analysis in a case." *Id.*

Here, Claimant contends that the ALJ's limitation of Claimant's RFC to "rote tasks that are simple, routine, and repetitive" does not sufficiently account for her moderate concentration, persistence, or pace limitations. However, the ALJ supported his decision by analyzing Dr. Huett's and Dr. Kohn's examinations of Claimant and noting the lack of consistent or ongoing concentration deficits in Claimant's records. (Dkt. 9-9 at 13, 22-23 R. 1118, 1127-28). Additionally, while Claimant alleges that the RFC is inadequate because it does not address duration, consistency, and sustainability and asserts that the ALJ was required to incorporate an off-task limitation into the RFC to account for bathroom breaks and the need to change positions, Claimant relies solely on Dr. Synder's opinion, which the ALJ found to be unpersuasive, and Claimant's own subjective reports. As our Circuit noted in *Grotts v. Kijakazi*, "[s]ubjective statements by claimants as to pain or other symptoms are not alone conclusive evidence of disability and must be supported by other objective evidence." 27 F.4th 1273, 1278 (7th Cir. 2022). Here, the ALJ did not find any objective evidence – nor has Claimant raised any – that supported an off-task limitation.

Finally, Claimant argues that the RFC is inadequate because it did not account for her moderate limitation in adapting and managing herself. Claimant further contends that the ALJ was required to incorporate additional RFC restrictions to account for her limitations in interaction. However, the ALJ specifically limited his RFC finding to "further alleviate work stress and enable the claimant to persist at work and address distractibility at times." Indeed, the ALJ noted that he assessed a "greater degree of consideration to [C]laimant's subjective allegations of feeling overwhelmed and exhausted by multiple responsibilities" than what the state agency psychologists considered when evaluating Claimant. (*Id.* at 20, R. 1125). The ALJ reasoned that additional social limitations were unnecessary because the record showed "scant treatment for over a year with no pervasive mental health complaints other than feeling overwhelmed by situational and familial stressors, which, while not dispositive, is probative evidence that does not support a disabling mental impairment." (*Id.* at 21, R. 1126.).

Overall, the ALJ detailed his findings sufficiently. Substantial evidence exists to support the ALJ's determination of Claimant's RFC to perform light work.

### C. CLAIMANT'S SUBJECTIVE STATEMENTS

The ALJ also properly evaluated Claimant's subjective statements. The Court will not substitute its judgment for that of the ALJ, "even if reasonable minds could differ on the weight the ALJ gave" to the evidence. *Karr*, 989 F.3d at 513 (7th Cir. 2021). Only when the "ALJ's determination lacks any explanation or support" will a court declare it to be "'patently wrong'" and deserving of reversal. *Elder v. Astrue*, 529 F.3d 408, 413–14 (7th Cir. 2008), quoting *Jens v. Barnhart,* 347 F.3d 209, 213 (7th Cir. 2003).

Here, Claimant lists several symptoms that she claims the ALJ failed to consider, such as sleepiness, dizziness, depression, feelings of overwhelm, pain, diarrhea, and constipation. (Pl. Br. 28-29). However, Claimant fails to identify any significant omission that invalidates the ALJ's decision. The ALJ "need not address every piece of evidence in his decision." *Geis v. Berryhill*, No.116-cv-01921-SEB-

MPB, 2017 WL 3701255, at *2 (S.D. Ind. Aug. 9, 2017), *report and recommendation adopted*, No. 116CV01921SEBMPB, 2017 WL 3674923 (S.D. Ind. Aug. 25, 2017).

The Claimant argues that the ALJ ignored qualifications on her ability to perform daily activities (Pl. Br. 29). However, the ALJ acknowledged that Claimant reported difficulties with memory and understanding, anxiety attacks, poor attention span, difficulty with stress, trouble processing food, vomiting, and pain with standing, walking, and lifting (Dkt. 9-9 at 12-16; R. 1117-21). The ALJ also noted Claimant's reports that she could perform household chores, shop in stores, prepare meals, travel out of state, and regularly care for her autistic granddaughter (Dkt. 9-9 at 12-14, 21; R. 1117-19, 1126).

Accordingly, the ALJ did account for and make determinations with regard to Claimant's ability to perform daily activities. The ALJ weighed this evidence, along with the medical record, and determined that based on her daily activities, Claimant was not as limited as she alleged. Claimant has failed to demonstrate an improper or incomplete evaluation of her subjective statements.

## IV.    CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** the ALJ's decision be **AFFIRMED.**

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Any party shall have fourteen (14) days from the date of service to file written objections to this Report and Recommendation.

**SO RECOMMENDED** this 7th day of October 2025.

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

**Distributed electronically to all ECF-registered counsel of record.**