UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

LORI BETH J.,[1]                              )
                                             )
                        Plaintiff,           )
                                             )
              v.                             )    No. 3:25-cv-00019-RLY-CSW
                                             )
FRANK BISIGNANO, Commissioner of the         )
Social Security Administration,              )
                                             )
                        Defendant.           )

**ENTRY ON PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S REPORT
AND RECOMMENDATION**

Plaintiff Lori Beth suffers from tendinitis and epicondylitis in the upper left arm, irritable bowel syndrome, pylorus stenosis, osteopenia, major depressive disorder, anxiety, and post-traumatic stress disorder. She applied for Social Security Benefits in May 2021. The Social Security Administration ("SSA") denied her claims initially and upon reconsideration. After a hearing, the Administrative Law Judge ("ALJ") held that Lori Beth is not disabled. Lori Beth filed suit for review of the ALJ's decision under 42 U.S.C. § 405(g). The court reversed the ALJ's decision upon joint motion by the parties.[2] After a second hearing, the ALJ again held that Lori Beth is not disabled, and Lori Beth filed this suit for review.

---

[1] To protect the privacy of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] No. 3:23-cv-187 at Dkts. 9–10.

1

The court referred the matter to the Magistrate Judge under 28 U.S.C. § 636(b). The Magistrate Judge recommended that the court affirm the ALJ's decision, and Lori Beth filed an objection. For the reasons set forth below, the court **OVERRULES** the objection and **ADOPTS** the Magistrate Judges' Report and Recommendation.

## I.    Background

### A.    ALJ Review

Lori Beth filed an application for a period of disability and disability insurance benefits. Lori Beth alleged disability beginning on September 30, 2019. The SSA denied her claim initially and upon reconsideration. Lori Beth then requested a hearing before an ALJ. The ALJ found that Lori Beth was not disabled.

In concluding that Lori Beth was not disabled, the ALJ followed the five-step sequential evaluation described in 20 C.F.R. § 416.920(a). At step one, the ALJ concluded that Lori Beth had not engaged in substantial gainful activity since the alleged onset of her disability. (Dkt. 9-9 at 10–11).[3] At step two, the ALJ concluded that Lori Beth had the severe impairments of tendinitis and epicondylitis in the upper left arm, irritable bowel syndrome, pylorus stenosis, osteopenia, major depressive disorder, anxiety, and post-traumatic stress disorder. (*Id.* at 11).

At step three, the ALJ concluded that Lori Beth did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.* at 11–14).

---

[3] The court uses ECF page numbers throughout this Entry.

After step three, but before step four, the ALJ assessed Lori Beth's residual functional capacity (RFC) and her past relevant work.  (*Id.* at 14–24).  In making these findings, the ALJ considered record evidence, Lori Beth's hearing testimony, and the opinions of medical experts.  (*Id.*)  Relevant to this motion is the ALJ's analysis of the medical opinion evidence and Lori Beth's subjective symptom statements.

The ALJ reviewed five medical opinions in the record and found them all to be either unpersuasive or partially persuasive.  Only three opinions are relevant to the objection.

Dr. Kohn performed an internal medicine consultative exam of Lori Beth on August 21, 2021.  (*Id.* at 22).  Dr. Kohn opined that Lori Beth had "mild limitations with sitting, standing and walking due to GI disturbances"; "severe limitations with lifting and carrying weight due to left shoulder pain"; and "limitations with bending, stooping, crouching and squatting . . . occasionally due to osteoporosis, PTSD, anxiety and gastric dysfunction."  (*Id.*; Dkt. 9-7 at 337).  The ALJ found the opinion unpersuasive, stating that it was not "not adequately supported or consistent with other evidence of record."  (Dkt. 9-9 at 23).  The ALJ concluded that Dr. Kohn's examination revealed "scant" abnormal findings and marked inconsistencies.  (*Id.* at 22).  For example, Dr. Kohn wrote that Lori Beth showed "weakness in the left arm and hand grip" but wrote in another portion that she showed no loss of strength in any of the upper extremities.  (*Id.*; Dkt. 9-7 at 335 (noting in the chart that muscle strength is fine in every category while also stating there is weakness in the left arm and hand grip under the chart)).

3

Dr. Huett performed a psychological evaluation of Lori Beth on August 25, 2021. (Dkt. 9-9 at 23; Dkt. 9-7 at 338).  Dr. Huett opined that Lori Beth's ability to (1) "attend, concentrate and complete tasks appears moderately affected"; (2) "interact appropriately with co-workers, supervisors, and the public appears moderately affected"; and (3) "handle routine changes found in the workplace appears moderately affected."  (Dkt. 9-9 at 23; Dkt. 9-7 at 341).  After reviewing the opinion and Dr. Huett's examination notes, the ALJ found the opinion unpersuasive.  (Dkt. 9-9 at 23).  Although Dr. Huett noted that Lori Beth appeared "distractable" and "scattered," Lori Beth's mental status evaluation did not demonstrate "significant abnormalities upon objective testing."  (*Id.*).  The ALJ also noted that Dr. Huett's use of "moderately affected" in her conclusion is not a precise opinion about Lori Beth's functional limitation.  (*Id.*).  Despite finding the opinion mostly unpersuasive, the ALJ included a limitation for concentration, persistence, and pace based, in part, on Dr. Huett's findings.  (*Id.*).

Finally, the ALJ considered the opinion of Dr. Snyder, Lori Beth's gastrointestinal specialist.  (*Id.* at 23–24).  Dr. Snyder opined that Lori Beth's conditions would cause her to miss work "[m]ore than four days per month," and she would "need to lie down or rest at unpredictable intervals" on an "hourly" basis for "15 min[ute]s."  (Dkt. 9-8 at 347).  He also opined that Lori Beth would (1) need to "shift[] positions *at will*," (2) require one to two "unscheduled bathroom breaks" per day, and (3) have symptoms that would "often" interfere with her attention and concentration.  (*Id.* at 346 (emphasis in original)).  The ALJ found this opinion, too, unpersuasive because it was "not internally consistent with

contemporaneous treatment or examination notes, as well as not generally supported by the evidence as a whole."  (Dkt. 9-9 at 23).

The ALJ pointed out that Dr. Snyder failed to provide citations or references to support his opinion, instead writing "See notes" or "See notes attached" without attaching any notes to the opinion.  (*Id.*; *see* Dkt. 9-8 at 344–48).  The ALJ also noted that Dr. Snyder's opinion was based on symptoms such as "malaise," "fatigue," and abdominal pain, but his treatment notes often failed to document "recurrent objective findings" of these symptoms."  (Dkt. 9-9 at 23–24).  Ultimately, the ALJ found that Dr. Snyder's opinion was "not consistent with the other medical evidence of record[,] which did not objectively document deficits in concentration or distress and discomfort . . . during medical treatment and examination."  (*Id.* at 24).

Regarding Lori Beth's subjective symptom statements, the ALJ found that her conditions could cause the symptoms she alleges, but her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  (*Id.* at 16).  When evaluating Lori Beth's statements, the ALJ summarized her medical history and noted her alleged symptoms and the objective medical evidence.  (*Id.* at 16–19).  The ALJ concluded that the severity of her alleged symptoms was not supported by the objective or longitudinal medical evidence in the record.  (*Id.*).

After considering the medical evidence, the ALJ determined Lori Beth's RFC.  He found that Lori Beth could perform light work except "occasionally climb[ing] ramps and/or stairs, ladders, ropes, and/or scaffolds.  She can occasionally bend, stoop, kneel,

crouch, and/or crawl.  [She] can learn and engage in rote tasks that are simple, routine, and repetitive."  (*Id.* at 14–15).  Then at step four, the ALJ asked a vocational expert about Lori Beth's ability to work given her age, education, work experience, and medical limitations.  (*Id.* at 24).  The vocational expert answered that she could not perform her past work as a customer service support analysist.  (*Id.*).

Because Lori Beth could not perform her past work, the ALJ proceeded to step five.  The ALJ asked the vocational expert if there are any jobs in the national economy that Lori Beth could perform given her age, education, work experience, and medical limitations.  (*Id.* at 25).  The vocational expert answered that Lori Beth could perform work as a housekeeper or cleaner, a folding machine operator, or a routing clerk.  (*Id.*).  Because Lori Beth could perform jobs that exist in a significant number in the national economy, the ALJ found that she was not disabled.  (*Id.*).

### B.    Magistrate Judge's Report and Recommendation

After receiving an unfavorable decision from the ALJ, Lori Beth filed a complaint for review of the ALJ's decision.  (Dkt. 1).  The court referred the matter to the Magistrate Judge, who issued her Report and Recommendation.  The Magistrate Judge concluded that the ALJ's decision was supported by substantial evidence and therefore recommended that the court affirm the determination that Lori Beth is not disabled.  This matter now comes before the court on Lori Beth's Objections to the Magistrate Judge's Report and Recommendation.  (Dkt. 19).

All other facts relevant to the disposition of this objection are addressed in the discussion section.

## II.    Legal Standard

The court reviews the Magistrate Judge's Report and Recommendation de novo. Fed. R. Civ. P. 72(b)(3).  The court "may accept, reject, or modify the recommended disposition." *Id.*

The court reviews the ALJ's decision to ensure that it "applies the correct legal standard and is supported by substantial evidence." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison v. NLRB*, 305 U.S. 197, 229 (1938)).  Under the substantial evidence standard, the court reviews the ALJ's decision to determine if there is a logical and accurate bridge between the evidence and the conclusion. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013).  In making this determination, the court must consider the entire administrative record but not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

## III.    Discussion

When evaluating Lori Beth's petition for review, the Magistrate Judge condensed Lori Beth's arguments into three categories.  First, whether the ALJ improperly rejected the medical source opinions.  Second, whether the ALJ improperly discounted her subjective symptoms.  And third, whether the ALJ did not provide sufficient explanation for the RFC.  The Magistrate Judge concluded that the ALJ did not commit reversible error and recommended affirming his decision.  Because the Magistrate Judge found in

favor of the Commissioner on all issues, Lori Beth's objection to the Report and Recommendation largely reiterates the same objections she made in her opening brief for review.

### A.    Medical Source Opinions

The court does not "review medical opinions independently but rather review[s] the ALJ's weighing of those opinions for substantial evidence." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022). And the ALJ is "subject to only the most minimal of articulation requirements." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Thus, the court will overturn the weight an ALJ gives a medical opinion only "if no reasonable mind could accept the ALJ's conclusion." *Grotts*, 27 F.4th at 1278.

The ALJ largely rejected each medical source opinion, finding only two of them partially persuasive. The ALJ rejected the opinions because he found them to be internally inconsistent or inconsistent with the objective evidence in the record. The Magistrate Judge recommended affirming the ALJ's decision because he properly evaluated the supportability and consistency of the opinion evidence. Lori Beth argues that the ALJ erred in rejecting the opinions of Drs. Huett, Snyder, and Kohn because evidence in the record existed to support each of their opinions; therefore, they were not inconsistent with the record. She also argues that the ALJ erred by failing to consider

whether the medical opinions support each other.  The court will address her arguments as to each doctor separately and then address her argument about comparing the opinions.

### 1.    Dr. Huett

Dr. Huett offered an opinion on Lori Beth's mental limitations after conducting an examination.  She opined that Lori Beth's

> ability to learn, remember, and comprehend simple instructions does not appear affected.  Her ability to attend, concentrate and complete simple tasks appears moderately affected.  Her ability to interact appropriately with co-workers, supervisors and the public appears moderately affected.  Her ability to handle routine changes found in the workplace appears moderately affected.

(Dkt. 9-7 at 341).  The ALJ found that this opinion was not persuasive because it was not entirely supported by the objective testing done at the examination.  (Dkt. 9-9 at 23).  Additionally, the ALJ questioned whether Dr. Huett's statements could be an "opinion" about Lori Beth's RFC since they did not identify the most she could do despite these alleged limitations.  (*Id.*).  Because Dr. Huett did not offer a specific opinion about the most Lori Beth could do despite these alleged limitations, the ALJ found the opinion "vague and less persuasive."  (*Id.*).  Despite finding the opinion less persuasive, the ALJ based his decision to include a limitation for concentration, persistence, and pace, in part, on Dr. Huett's opinion.  (*Id.*).

The Magistrate Judge found that Lori Beth failed to show that Dr. Huett's opinion supported greater limitations than what the ALJ found.  Lori Beth objects by reciting Dr. Huett's examination findings and arguing that the opinion offers insight into her ability to sustain employment and supports greater limitations than the ALJ imposed.  Not so.  Lori

Beth fails to grapple with the fact that Dr. Huett failed to offer an opinion about the most work she could do despite the limitations identified in her examination notes. Dr. Huett's observations that Lori Beth had moderate limitations in mental functioning areas do no more than address the "Paragraph B" criteria that the ALJ considers when determining the severity of mental impairments—an analysis that occurs before the ALJ crafts the RFC. (*See id.* at 14–15).

Because Dr. Huett's report did not offer an opinion on how much Lori Beth could do despite her impairments, the Magistrate Judge correctly found that Lori Beth failed to identify how Dr. Huett's opinion supported greater limitations than what the ALJ imposed. Merely citing to Dr. Huett's examination findings does not prove a need for increased work limitations. Additionally, the ALJ evaluated Dr. Huett's opinion and found it unpersuasive. It is the ALJ's job to evaluate the persuasiveness of medical opinions, and his decision to reject most of Dr. Huett's opinion was supported by substantial evidence.

### 2.    Dr. Snyder

The ALJ also rejected Dr. Snyder's medical opinion. Dr. Snyder was Lori Beth's treating physician for her gastrointestinal issues. He opined that Lori Beth's conditions would cause her to miss work "[m]ore than four days per month," and she would "need to lie down or rest at unpredictable intervals" approximately on an "hourly" basis for "15 min[ute]s." (Dkt. 9-8 at 347). He also opined that Lori Beth would (1) need to "shift[] positions *at will*," (2) require one to two "unscheduled bathroom breaks" per day, and (3) have symptoms that would "often" interfere with her attention and concentration. (*Id.* at

10

346 (emphasis in original)).  The ALJ stated that he rejected this opinion because it was not internally consistent and not generally supported by the record as a whole.  (Dkt. 9-9 at 23–24).  For example, the ALJ pointed out that Dr. Snyder failed to cite any record evidence in his report and often said "See notes" but failed to attach the notes to his report.  (*See* Dkt. 9-8 at 344–48).  Additionally, the ALJ noted that Dr. Snyder based his opinion on Lori Beth's symptoms of "malaise," "fatigue," and abdominal pain, but Dr. Snyder's notes did not document "recurrent objective findings" of those symptoms.  (Dkt. 9-9 at 23–24).

The Magistrate Judge concluded that Lori Beth did not show that the ALJ failed to reasonably weigh the evidence supporting and conflicting with Dr. Snyder's opinion. Lori Beth argues that the Magistrate Judge and the ALJ erred because Dr. Snyder's opinion is internally consistent and generally supported by the record.  Lori Beth supports her argument by citing all the evidence in the record that supports Dr. Snyder's opinion, but the ALJ need only support his decision with substantial evidence, and the court will not reweigh the evidence.  *See Grotts*, 27 F.4th at 1278; *Clifford*, 227 F.3d at 869.  The ALJ reviewed Dr. Snyder's medical opinion and identified the reasons he found it unpersuasive.  (Dkt. 9-9 at 23–24).  The ALJ's reasoning is supported by substantial evidence, so the court cannot say that he erred.

Lori Beth also challenged the ALJ's rejection of Dr. Snyder's opinion because he failed to address the length and extent of Dr. Snyder's treatment.  She cites *Stacy S. v. Kijakazi*, No. 2:21-cv-395, 2022 WL 2071098 (S.D. Ind. June 8, 2022) in support.  But *Stacy S.* does not support Lori Beth's argument.  The case explains that the ALJ "must"

assess whether a treating source opinion is "supported by and consistent with the evidence in the record." *Id.* at *3. But the court then goes on to say that the ALJ "may consider" other factors, such as "the source's relationship with the claimant, the length of such relationship, [or] the frequency of examinations." *Id.* Contrary to Lori Beth's argument, the ALJ was required to consider only whether Dr. Snyder's opinion was supported and consistent with the record, which he did. Therefore, the court rejects this argument.

### 3.    Dr. Kohn

Finally, Lori Beth challenges the ALJ's rejection of Dr. Kohn's opinion. Dr. Kohn was a state agency consulting physician, and he opined that Lori Beth had "mild limitations with sitting, standing and walking due to GI disturbances" and "severe limitations with lifting and carrying weight due to left shoulder pain" and "limitations with bending, stooping, crouching and squatting . . . occasionally due to osteoporosis." (Dkt. 9-7 at 337). The ALJ stated that he rejected this opinion because it was not supported by the objective evidence in the examination nor was it generally supported by the evidence in the record. For example, Dr. Kohn noted Lori Beth had weakness in her left arm and hand grip in one section while also noting in a different section that she had full strength in all extremities. (Dkt. 9-9 at 22; Dkt. 9-7 at 335). The ALJ also pointed out that Dr. Kohn said that Lori Beth had limitations with "reaching, grasping, handling, fingering, and feeling" because of, among other impairments, PTSD and anxiety without explaining the correlation between these limitations and her impairments. (Dkt. 9-9 at 22; Dkt. 9-7 at 337).

12

The Magistrate Judge found that the ALJ properly evaluated Dr. Kohn's opinion and found it unpersuasive. Lori Beth argues that Dr. Kohn's opinion was supported by plenty of evidence in the record. But the ALJ considered the evidence in the record and determined that it did not warrant limitations as severe as Dr. Kohn proposed. Although evidence may have supported heightened limitations, the ALJ found other evidence supporting decreased limitations more persuasive, and the court will not reweigh the evidence. *See Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). The ALJ supported his rejection of Dr. Kohn's opinion with substantial evidence, so the court rejects Lori Beth's argument.

### 4.    Comparing the Medical Opinions

Lori Beth argues that the ALJ was required to consider whether the medical source opinions supported each other, not just whether they were supported by the record evidence. Lori Beth did not present that argument to the Magistrate Judge. The court declines to review an argument in an objection that could have been raised previously. *Angela J. B. v. Kijakazi*, No. 1:21-cv-2801, 2023 WL 2445442, at *4 (S.D. Ind. Mar. 9, 2023).

### B.    Subjective Statements

When evaluating a claimant's subjective statements about the intensity and persistence of her symptoms, the ALJ must often, as here, make a credibility determination concerning the limiting effects of her symptoms. *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016). Reviewing courts "may disturb the ALJ's credibility finding only if it is 'patently wrong.'" *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019)

(quoting *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015)).  However, in assessing the claimant's credibility, an ALJ is required to "build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872.

The Magistrate Judge found that the ALJ properly evaluated Lori Beth's subjective statements.  Lori Beth argues that the ALJ erred in evaluating her subjective statements for three reasons.  First, the ALJ improperly relied on home activities to find that she could sustain light work.  Second, the ALJ cherry-picked normal findings to dismiss the abnormal evidence and her testimony.  And third, the ALJ did not adequately address her psychiatric symptoms.  The court will consider the arguments in order.

The ALJ noted that Lori Beth's "statements concerning the intensity, persistence and limiting effects" of her symptoms were not entirely consistent with the medical record.  (Dkt. 9-9 at 16).  He then walked through each of Lori Beth's impairments and addressed evidence in the record that both supported and undermined her statements.  (*Id.* at 16–19; *see also id.* at 12–14).  The ALJ noted that she can perform chores around the house, shop in stores, travel out of state, and care for her granddaughter.  (*Id.* at 12–14).  He also noted that Lori Beth testified that her symptoms had worsened, her husband helps take care of the granddaughter, and she cannot do much when she is in pain.  (*Id.* at 12–16).

The court cannot say that the ALJ impermissibly placed too much weight on Lori Beth's ability to engage in household activities.  Nor can the court find that the ALJ ignored Lori Beth's testimony that household activities are difficult for her.  Instead, the court agrees with the Magistrate Judge that the ALJ weighed the evidence appropriately

and determined that Lori Beth's daily activities revealed that she is not as limited as alleged. Although Lori Beth contends that the ALJ should have addressed the fact that she struggles to perform household activities, the ALJ did not need to recite all the evidence when writing his decision. *See Deborah M. v. Saul*, 994 F.3d 785, 791 (7th Cir. 2021) ("[T]he ALJ's failure to mention a few limitations on some of Plaintiff's activities, if wrong at all, was not so 'patently wrong' as to warrant reversal."). The ALJ addressed Lori Beth's subjective statements and determined that her impairments were not so severe that increased limitations were needed. This was all the ALJ was required to do, and his decision was supported by substantial evidence.

As for Lori Beth's argument that the ALJ cherry-picked normal findings, the court is not persuaded. The ALJ identified evidence that supported and undermined Lori Beth's claimed limitations throughout the decision. (Dkt. 9-9 at 14–19). This is not a case where the ALJ only cited evidence that supported his decision. Nor is it a case where only a small number of "normal" findings appeared in the record. Rather, the record is full of both normal and abnormal findings. Therefore, the ALJ properly evaluated the evidence and made a credibility determination that was supported by substantial evidence.

Finally, Lori Beth argues that the ALJ erred by not crediting her testimony regarding her mental impairments. She identifies portions of her testimony that the ALJ did not cite in his decision that, she argues, supports her request for more serious mental limitations. The ALJ is not required to recite all the evidence when conducting his analysis. *See Geis v. Berryhill*, No. 1:16-cv-1921, 2017 WL 3701255, at *2 (S.D. Ind.

15

Aug. 9, 2017). The ALJ identified Lori Beth's mental impairments and then addressed her alleged symptoms and the objective medical evidence from the record. Based on the evidence, the ALJ concluded that she is not as limited as she alleged. This series of events is what the ALJ is directed to do in every case—weigh the evidence and reach a conclusion. The fact that the ALJ did not include all of Lori Beth's allegations in his decision is not cause for reversal.

Moreover, it does not appear that the ALJ dismissed Lori Beth's subjective statements solely because they were subjective statements. Instead, the ALJ pointed out that she engaged in conduct that contradicted her claims. For example, when the ALJ considered whether Lori Beth had limitations in adapting and managing oneself, he acknowledged that she cannot handle stress and struggles with anger issues. (Dkt. 9-9 at 14). Then the ALJ noted that she can prepare meals, drive a car, shop, and care for her granddaughter. (*Id.*). The ALJ also pointed out that she went on two trips to Florida (Lori Beth argues that she struggled with her physical impairments while on the trip, but that is not relevant to her claim that the ALJ discounted her subjective mental symptoms). (*Id.*). Clearly, then, the ALJ did not reject her subjective symptom statements simply because they were subjective statements. Rather, the ALJ found inconsistencies in the record and determined that Lori Beth is not as limited as she claims.

C.    RFC

"The claimant bears the burden of submitting medical evidence establishing her impairments and her residual functional capacity." *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011). But "[e]stablishing the existence of an impairment is not enough. The

16

claimant must present evidence of limitations affecting their capacity to work." *Thorlton v. King*, 127 F.4th 1078, 1081 (7th Cir. 2025). In considering the evidence, the "ALJ need not . . . discuss every piece of evidence in the record," but he cannot "ignor[e] an entire line of evidence that supports a finding of disability." *Deborah M.*, 994 F.3d at 788 (quoting *Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010)).

The Magistrate Judge concluded that Lori Beth failed to show that the record supported greater limitations than the ALJ found and that the ALJ adequately explained his reasoning. Lori Beth raises myriad arguments regarding the ALJ's formulation of her RFC. First, the RFC is incorrect because the ALJ improperly rejected the medical source opinions and her subjective statements. Second, the ALJ did not explain how the evidence supports the limitations he adopted. Third, the ALJ failed to include a proper limitation that accounts for her moderate limitation in concentration, persistence, and pace. Fourth, the ALJ did not explain how she could perform the RFC "8 hours a day, 7 days a week." (Dkt. 19 at 7). And fifth, the ALJ failed to include an off-task limitation. The court will address these arguments in order.

As for Lori Beth's first and second arguments, the court agrees with the Magistrate Judge's Report and Recommendation. Lori Beth argues that she cited to plenty of evidence in the record to support greater limitations than the ALJ found, but as the reviewing court, our job is to determine whether the ALJ reached a conclusion that was supported by substantial evidence. *Campbell*, 627 F.3d at 306. The court's job is not to reweigh the evidence. *Clifford*, 227 F.3d at 869. As noted above, the ALJ's decision to reject the medical opinions was supported by substantial evidence, and he explained his

reasoning for that decision adequately.  He also explained his reasoning for not crediting Lori Beth's subjective symptom statements and that decision, too, was supported by substantial evidence.  The ALJ certainly could have gone into more detail to explain his reasoning for each issue.  But ALJs are subject to a minimal articulation standard so long as they craft a "logical and accurate bridge" between the evidence and their conclusion. *See Roddy*, 705 F.3d at 636.  And here, the ALJ did.

Turning to Lori Beth's third argument, she contends that the ALJ found that she had moderate limitations in concentration, persistence, and pace but improperly limited her to simple, repetitive, and routine work.  ALJs are not permitted to limit a claimant to simple, repetitive, and routine work without further analysis once they have found moderate limitations in concentrate, persistence, and pace.  *See, e.g.*, *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010).  But the ALJ explained why he found that Lori Beth could "learn and engage in rote tasks that are simple, routine, and repetitive."  (Dkt. 9-9 at 15).  He explained that this limitation

> is supported by medical signs for distractible attention and scattered concentration and consistent with the claimant's level of treatment, reports of symptoms to providers of feeling overwhelmed with responsibilities making her want to isolate, anxious, and depressed, and with her activities of daily living demonstrating care for her grandchild, which shows a level of concentration and focus that when viewed in tandem with the mostly normal mental examinations supports the residual functional capacity and the finding of no additional limits.

(*Id.* at 22).  This is not a case where the ALJ thoughtlessly concluded the claimant could engage in simple, routine, and repetitive tasks despite moderate limitations in

concentration, persistence, and pace. Instead, the ALJ reviewed the evidence and explained why he adopted the limitation he did. Because the ALJ crafted a logical and accurate bridge between the evidence and his conclusion, the court finds that the decision was based on substantial evidence.

Lori Beth's fourth argument is that the ALJ committed legal error because "he did not *explain*, specifically, how *all* the evidence shows Plaintiff is capable of carrying out the RFC for 8 hours a day, 7 days a week." (Dkt. 19 at 7 (emphasis in original)). Although the ALJ did not explain how each piece of the evidence factored into the RFC, ALJs have never been required to do so. *See Deborah M.*, 994 F.3d at 788; *Geis*, 2017 WL 3701255, at *2. The ALJ needed only to create a logical and accurate bridge between the evidence and his conclusion, which he did. Thus, the ALJ did not commit legal error warranting reversal.

And as for Lori Beth's final argument—that the ALJ failed to include an off-task limitation—the Magistrate Judge stated that "the ALJ did not find any objective evidence—nor has Claimant raised any—that supported an off-task limitation." (Dkt. 18 at 8). Lori Beth argues that she cited plenty of evidence that supported an off-task limitation.

But ALJs are not required to make an explicit off-task finding in every case. Rather, an ALJ is "only required to incorporate limitations that []he found supported by the evidence." *Alvarado v. Colvin*, 836 F.3d 744, 751 (7th Cir. 2016). The ALJ considered Lori Beth's function report, her hearing testimony, and the medical opinions, which supported her position that she needs an off-task limitation. (Dkt. 9-9 at 15–16,

19

23–24).  The ALJ discounted all three medical opinions, which generally included opinions that would support an off-task limitation.  (*Id.* at 23–24).  As noted above, the ALJ adequately explained his decision to discount those medical opinions, and the decision was supported by substantial evidence.  Therefore, even though the Magistrate Judge was wrong to say Lori Beth did not raise any evidence in support, her conclusion that the ALJ did not find any objective evidence to support an off-task limitation is nevertheless correct.

Accordingly, the court will not reverse the ALJ's decision based on any issue raised regarding the RFC.

**IV.    Conclusion**

The court **OVERRULES** Lori Beth's objection, (Dkt. 19), and **ADOPTS** the Report and Recommendation issued by the Magistrate Judge, (Dkt. 18).  Final Judgment will issue by separate order.


**IT IS SO ORDERED** this 23rd day of March 2026.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana


Distribute Electronically to Registered Counsel of Record.